UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARMINE P.,

                              Plaintiff,

v.                                                           6:23-cv-0467
                                                             (LEK/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OSBORN LAW P.C.<br>43 West 43rd Street, Suite 131<br>New York, NY 10036<br>Counsel for Plaintiff | DANIEL A. OSBORN, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF THE GENERAL COUNSEL<br>6401 Security Boulevard<br>Baltimore, MD 21235<br>Counsel for Defendant | VERNON NORWOOD, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

**I.    INTRODUCTION**

       Carmine P. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits. Dkt. No. 1. The matter was referred to the undersigned for a report and recommendation by the Hon. Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18. Dkt. Nos. 10-1, 13; 14. For the reasons set forth below, the Court recommends Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion be denied, and the decision of the Commissioner be reversed and remanded.

## II.   BACKGROUND

Plaintiff was born on November 7, 1970, was 48 years old at his alleged onset date of disability, and 49 years old at the time of his application for benefits. *See* T. 53-54.[1] He previously worked as a cemetery worker. *Id*. at 48.

On November 6, 2020, Plaintiff protectively filed an application for social security benefits. *Id*. at 54. He alleged disability beginning on September 17, 2019, due to degenerative disc disease of the lumbar spine, lumbar spinal stenosis and spondylosis, hereditary hemochromatosis, and COPD. *Id*. at 54, 16. His application was initially denied on May 21, 2021, and again upon reconsideration on September 29, 2021. *Id*. at 14. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 108-09.

On February 22, 2022, he appeared before ALJ Fein via telephone. *See id*. at 28-52. On April 6, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act ("SSA"). *Id*. at 22. The ALJ's decision became the final decision of the Commissioner when the Appeals Counsel denied Plaintiff's request for review on February 10, 2023. *Id*. at 1. Plaintiff timely commenced this action on April 13, 2023. *See* Dkt. No. 1.

---

[1] The Administrative Record/Transcript is found at Dkt. No. 6. Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

### III. LEGAL STANDARDS

#### A. Standard of Review

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts

from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted).  If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted).  A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision.  See *Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate.  See *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996).  Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings.  See *Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

### B.  Standard for Benefits

To be considered disabled, a plaintiff seeking disability benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but

4

> cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)). [2] The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

## IV.   THE ALJ'S DECISION

The ALJ applied the five step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims. *See generally*, T. 14-22. At step one, the ALJ

---

[2] While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024, and had not engaged in substantial gainful activity since the alleged onset date, September 17, 2019. *Id*. at 16. Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, lumbar spinal stenosis and spondylosis, hereditary hemochromatosis, and COPD. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. at 17. The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following additional limitations: "he is unable to climb ladders/ropes/scaffolds, and he can only occasionally perform all other postural activities," further, he "must avoid concentrated exposure to unprotected heights, hazardous machinery and pulmonary irritants such as fumes, odors, gases, dust and poorly ventilated areas." *Id*. at 18.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. *Id*. at 20. At step five, the ALJ determined, based on Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy he could perform. *Id*. at 21. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*. at 22.

V.   **DISCUSSION**

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence. Dkt. No. 10-1 at 13-23. More specifically, the ALJ erred in examining the opinion evidence, assessing the credibility of Plaintiff's own statements, and failing to consider Plaintiff's ability to perform work activities on a function-by-function basis. *See id*. He further avers the ALJ's hypothetical question to the VE erroneously omitted many of his impairments and limitations.

*Id*. at 23-24.  Defendant contends the ALJ's RFC and step-five determinations are supported by substantial evidence.  Dkt. No. 13 at 10-22.

"[I]t is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution . . . ."  *Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012) (Summary Order).  While an ALJ "need not recite every piece of evidence that contributed to the decision," *Cichocki v. Astrue*, 729 F.3d 172, 178 n.1 (2d Cir. 2013) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)), "the ALJ cannot ignore evidence supporting Plaintiff's claim while at the same time accepting evidence that supports his decision."  *Ryan v. Astrue*, 650 F. Supp. 2d 207, 216 (N.D.N.Y. 2009) (citations omitted).

As relevant here, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ."  T. 19.  In support of this conclusion, the ALJ explained, "regarding the back, the claimant has a normal gait, no motor weakness and no sensory deficits . . . . [and] has negative straight leg raise testing . . . ."  *Id*.[3]  However, as Plaintiff points out, *see generally*, Dkt. No. 10-1 at 20-21, the medical record contained a plethora of contradictory findings which the ALJ failed to acknowledge.

For example, contrary to the Commissioner's conclusion Plaintiff had a "normal gait," T. 19, records from CNY Brain & Spine Neurosurgery document Plaintiff's antalgic gait following his September 17, 2019, alleged onset date.  *See* T. 490 (antalgic gait, September 20, 2019), 495 (antalgic gait, October 14, 2019), 500 (antalgic gait, December 9, 2019), 529 (antalgic gait,

---

[3] Similarly, the ALJ found the opinions of non-examining state agency medical consultants Drs. Krist and Miller persuasive and "consistent with examinations that found normal gait, normal strength and no sensory deficits . . . ."  T. 19.

October 8, 2020), 557 (antalgic gait, November 12, 2020), 562 (antalgic gait, December 28, 2020). Independent medical examiner Dr. Mutty found Plaintiff "ambulated with a normal gait pattern" during his February, 2020, examination, *id*. at 540, however, during his subsequent examination in September, 2020, Dr. Mutty observed Plaintiff "limps considerably, particularly when he gets up from a sitting position. After he takes a few steps his gait improves somewhat although he still has a detectable limp." *Id*. at 545.[4] During Plaintiff's January 21, 2021, internal medicine examination, Dr. Saltzgaber reported Plaintiff's "gait was *significantly antalgic*." *Id*. at 569 (emphasis added). Additional records further document gait problems prior to the ALJ's decision. *See*, *e.g.*, *id*. at 667 (progress notes from Slocum-Dickson Medical Group, positive for "gait problem," January 7, 2021), 866 (office treatment records from Faxton Oncology, positive for "gait problem," January 5, 2022).

      Records similarly contradict the ALJ's rejection of Plaintiff's statements based on "negative straight leg raise testing . . . ." *Id*. at 19. CNY Brain & Spine documented positive straight leg raise testing, both bilaterally and on the right side, on multiple occasions. *See id*. at 490 (straight leg raise positive bilaterally, September 20, 2019), 495 (straight leg raise positive bilaterally, October 14, 2019), 500 (straight leg raise positive on the right side, December 9, 2019), 529 (noting, "[l]ow back pain/tingling and numbness radiating to bilateral lower extremities worse on the right lower extremity . . . with positive straight leg test on the right," October 8, 2020). The consultative examiner, Dr. Saltzgaber, also noted Plaintiff's straight leg

---

[4] The ALJ found Dr. Mutty's February, 2020, opinion to be "persuasive," T. 18, but found the source's September, 2020, opinion–wherein Dr. Mutty opined Plaintiff could perform only sedentary work–to be "only somewhat persuasive," T. 20. In doing so, the ALJ reasoned "there is no reason the claimant's abilities should be more restricted." *Id*. at 20. The ALJ's conclusion with respect to the persuasiveness of the later opinion, however, does not undermine Dr. Mutty's objective findings concerning Plaintiff's gait.

raise was "positive in supine position at 30 degrees of hip flexion and seated on the right at 45 degrees of knee extension . . . ." *Id*. at 569.

Yet, the ALJ's decision made no mention of these objective findings which support the Plaintiff's statements concerning his back impairment symptoms. To be sure, Plaintiff's medical records did contain the normal gait and negative straight leg test results the ALJ referenced, however, the ALJ's apparent failure to acknowledge contrary findings undermines his RFC determination. More significantly, however, "[i]t is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004); *compare Matthew L. B. v. Comm'r of Soc. Sec.*, No. 8:22-CV-1295 (BKS/DEP), 2023 WL 7531615, at *6 (N.D.N.Y. Sept. 29, 2023) (recommending remand where, "the ALJ did not appear to acknowledge the fact that . . . there were objective findings during examinations . . . which appear to support the existence of back pain"), *report and recommendation adopted*, 2023 WL 7545324 (N.D.N.Y. Nov. 14, 2023), *with Angel L. G. v. Kijakazi*, No. 5:22-CV-1160 (LEK/DEP), 2023 WL 10479486, at *6 (N.D.N.Y. Sept. 29, 2023) (finding no error in the ALJ's rejection of a limitation where "the ALJ acknowledged both the normal and abnormal findings . . . including instances of antalgic gait . . . ."), *report and recommendation rejected*, 2024 WL 1257414 (N.D.N.Y. Mar. 25, 2024).

Accordingly, the undersigned recommends the Commissioner's decision be remanded for further explanation as to the record evidence. *See Matthew L. B.*, 2023 WL 7531615, at *9 ("Because the ALJ appears to have selectively relied upon normal findings in the treatment notes while ignoring the abnormal findings that were also consistently present, I am unable to meaningfully review whether the ALJ's reliance on the apparent unsupportability and lack of

consistency constitutes a good reason, supported by substantial evidence, to discount . . . opinions, and such reason consequently cannot serve to uphold her overall conclusion as to those opinions."); *Sutherland*, 322 F. Supp. 2d at 290 ("Here, the ALJ's failure to mention several parts of the record which contradict his conclusion constitutes error."); *see also*, *e.g.*, *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362 (AMN/CFH), 2023 WL 2838054, at *5 (N.D.N.Y. Feb. 23, 2023) (recommending remand of the ALJ's decision where "[i]n determining that [a source's] opined marked limitations were not supported by [that source's] examination, the ALJ only reiterated [the source's] normal examination findings . . . . [but] did not acknowledge [the source's] findings that were positive for mental health problems . . . ."), *report and recommendation adopted*, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023). Because the Court has recommended the matter be remanded, the undersigned does not reach Plaintiff's remaining arguments. *See*, *e.g.*, *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach "remaining arguments . . . devoted to the question whether substantial evidence supports various determinations made by ALJ Fein" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 1:13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's determinations "given that the ALJ's analysis may change on these points upon remand.").

## VI.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **GRANTED**; and it is further

**RECOMMENDED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 7, 2024
Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge